SIMON BLAUT, Respondent, *v.* MARGARET L. FLETCHER, Appellant, Impleaded with ROBERT FLETCHER.

*Debtor and creditor — the fact that a wife assists her husband in his business and speaks of the business as their business, etc., does not make her liable for goods sold for use in the business.*

The fact that a wife, residing with her husband, assists him in his business, makes payment on account of his indebtedness and speaks of the business to those persons dealing with him as their business, or speaks of herself as interested in it, is not, of itself, sufficient to show that goods sold for use in the business were sold to the husband and wife jointly, where no part of the goods were delivered specifically to the wife or used by her and she made no promise to pay for them, and it does not appear that any orders were specifically given by her, or that she intended, in any way, to make herself responsible for them, especially where it appears that the bills for the goods sold were rendered by the vendor to the husband separately, tending to show that he did not give credit to the wife.

APPEAL by the defendant, Margaret L. Fletcher, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of March, 1898, upon the report of a referee.

*Henry M. Dater*, for the appellant.

*Jacob Fromme*, for the respondent.

INGRAHAM, J.:

The action was brought to recover for goods sold and delivered to the defendants jointly. The complaint alleges that the plaintiff sold and delivered to the defendants above named, at their special instance and request, goods, wares and merchandise " at prices then and there agreed upon." There being no proof that the defendants were copartners, to sustain this action against the appellant Margaret L. Fletcher the plaintiff must prove a sale to her and an independent promise by her to pay. The appellant, in answering the complaint, denies that she ever separately, for herself or jointly with any person or persons, purchased goods, wares and merchandise from the plaintiff. The defendants were husband and wife, the business was conducted, apparently, in the name of the husband, and the action was brought to recover for goods sold and delivered for the conduct of this business. A salesman or agent for the plaintiff who made the sales testified that he called at this place of business and that he saw the husband and wife together; that the first order was given by Mr. Fletcher (the husband); that the witness asked him who owned the business, and Mr. Fletcher told him that " we started business together; he referred to, he meant him and his wife. He did not give me her name. * * * Mrs. Fletcher gave me her name." The witness testified that these two names were in the plaintiff's ledger. The witness was asked to give the whole conversation at this interview, and in answer said : " When I came to the store, and I presented a card from Mr. Blaut, I said, ' My name is Krause ; I heard from Mr. Joe Sparks that you are going to start a business.' " The witness testified that he spoke to Mr. and Mrs. Fletcher ; that they were both in the store ; that he asked them if he could sell them any goods ; that he remembered Mr. Fletcher said : " If you sell your goods right and treat

me right we will deal with you." The witness further testified
that statements were made and sent to the defendants, and that
Robert and Margaret Fletcher's names were on one statement
that he saw; that he subsequently received a payment when
that statement was in the possession of one of the defendants, and
that he credited the amount of the payment upon that statement.
There was further evidence by the plaintiff that at one time he saw
the defendant Margaret Fletcher at her store and asked her if either
of the proprietors was there, when she said: "Why, I am one of
them." On behalf of the defendants it appeared that the defendant
Robert Fletcher established the business; that his wife had no
interest in it, except that she had loaned him some money to start
the business. They both strenuously denied that any statement had
been made that the defendant Margaret Fletcher was in any way
interested in the business, or that either of them had ever made any
statement to that effect; and it appeared that many bills had been
sent to the defendant Robert Fletcher, made out to him, for the
goods purchased from the plaintiff; that one bill made out to Robert
and Margaret Fletcher had been sent by the plaintiff, and that that
bill was promptly returned, on the ground that it was improperly
made out to include Margaret Fletcher as one of the persons with
whom the dealings had been had. The parties were husband and
wife, living together, and while it would appear that the wife attended
the store for her husband and assisted him in the transaction of the
business, there was positively no evidence that she had the slightest
interest in the business, except that she had loaned money to her
husband. Nor is there the slightest evidence that the business was
ever carried on in her name. The defendants offered to prove that
no part of the profits had been paid to the wife, which was objected
to by the plaintiff and excluded by the referee.

We do not think the evidence sustained the finding of the referee
that these goods were sold to the husband and wife jointly. The fact
that a woman resides with her husband who is conducting a business,
assists him in his business, makes payment on account of his indebt-
edness and speaks of the business to those people dealing with him as
their business, or speaks of herself as interested in it, is not of itself
sufficient to show that property sold for use in the business is sold to

the husband and wife jointly. The relations that exist between the parties are such that acts or declarations of this kind do not show that the wife is a partner or interested in the business. These goods were all sold to be used in this business. No part of them was delivered specifically to the wife or used by her, nor did she make any promise to pay for them. Nor does it appear that any orders were specifically given by her, or that she intended in any way to make herself responsible for them. The fact that bills were rendered by the plaintiff to the husband separately for goods sold to him — a fact which does not seem to be disputed by any competent evidence — would tend strongly to show that the plaintiff did not give credit to the wife; and the mere fact that the wife gave her name to the plaintiff's salesman, or spoke of herself as a proprietor after the goods were sold, would not tend to show that she was a joint purchaser of the goods with her husband. No express promise was made that the wife would be responsible for these goods sold, or that she would bind her separate estate for the indebtedness incurred by her husband. Nothing was said that was inconsistent with the fact that the business belonged to, and was managed by, her husband, nor did she do anything more than assist him as his wife in the conduct and management of his business. We think upon the whole evidence it is clear that the goods were purchased by the husband for use in the business conducted by him, and that, as no partnership was either alleged or proved, this appellant was not liable. For that reason the judgment should be reversed and a new trial ordered before another referee, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered before another referee, with costs to appellant to abide event.