SCHULTZ v. BERGER et ux.

(Supreme Court, Appellate Term. October 4, 1900.)

HUSBAND AND WIFE—SALE—ACTION FOR PRICE—EVIDENCE—SUFFICIENCY.
　　Defendants were husband and wife, but there was no proof of partnership, and her evidence showed that she was not a partner, and did not order the goods sold by plaintiff, or promise to pay for them. The bill for the goods in question, which were used in the husband's business, was rendered to the husband exclusively, and it appeared that in all previous sales bills had been rendered to him alone. Held, that the evidence did not show that the sale was made to the husband and wife jointly.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by David Schultz against Max Berger and Carrie Berger. From a judgment for plaintiff, defendant Carrie Berger appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Maurice H. Gotlieb, for appellant.

PER CURIAM. This action was brought to recover the purchase price of certain goods alleged to have been sold and delivered by the plaintiff to the defendants. The only question litigated upon the trial was whether the defendant Carrie Berger was responsible for

the purchase price of the goods. The claim on the part of the plaintiff was that the sale was made to the defendants jointly. The trial justice concurred in that view, and accordingly rendered a judgment against both of the defendants. The defendant Max Berger admitted his liability, so that the judgment was properly rendered as against him, but the defendant Carrie Berger resisted the effort to charge her with the purchase of the goods in any capacity whatsoever, and offered proof tending to show that she was neither a partner of her husband, nor did she order the goods or promise to pay for the same, or have anything whatsoever to do with them. Upon a careful reading of the evidence we are satisfied that the plaintiff has failed to establish his allegations as against her, and that the judgment, so far as she is concerned, must be reversed. The evidence offered on the part of the plaintiff tending to connect her with the transaction is of the slightest, and can hardly be said to be of any probative force. The facts are not nearly so strong as those which existed in the case of Blaut v. Fletcher, 34 App. Div. 383, 54 N. Y. Supp. 232, a case which involved a question similar to the one now before us, and where the same relationship of husband and wife existed between the two defendants. In that case it was said (page 385, 34 App. Div., and page 234, 54 N. Y. Supp.):

"The fact that a woman resides with her husband, who is conducting a business, assists him in his business, makes payment on account of his indebtedness, and speaks of the business to those people dealing with him as their business, or speaks of herself as interested in it, is not of itself sufficient to show that property sold for use in the business is sold to the husband and wife jointly. The relations that exist between the parties are such that acts or declarations of this kind do not show that the wife is a partner, or interested in the business. These goods were all sold to be used in this business. No part of them was delivered specifically to the wife, or used by her, nor did she make any promise to pay for them. Nor does it appear that any orders were specifically given by her, or that she intended in any way to make herself responsible for them."

The court also refers to the fact, which was undisputed in that case, that bills were rendered by the plaintiff to the husband separately for the goods, and states that this circumstance tends strongly to show that the plaintiff did not give credit to the wife. In the case at bar it is also undisputed that the bill for the goods in question was rendered to the defendant Max Berger exclusively, his name alone being mentioned therein, and it further appears that in the course of many previous transactions with the plaintiff bills had been rendered to Max Berger alone. In no case had the plaintiff ever rendered a bill referring, directly or indirectly, to the defendant Carrie Berger. This evidence is most convincing that the plaintiff in all of these transactions gave credit to the defendant Max Berger alone. There is no sufficient evidence that the defendant Carrie Berger either ordered the goods in question or promised to pay for the same, nor is there proof that the defendants were co-partners. It follows that the judgment as to the defendant Carrie Berger must be reversed, and a new trial ordered.

Judgment as to the defendant Carrie Berger reversed, and a new trial ordered, with costs to abide the event. Judgment as to the defendant Max Berger is affirmed, with costs.